IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-01456-CMA-KLM

MICHAEL BETHEL,

    Plaintiff,

v.

BERKSHIRE HATHAWAY HOMESTATE INSURANCE COMPANY,

    Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

---

This matter is before the Court on Plaintiff Michael Bethel's Motion to Alter or Amend Judgment. (Doc. # 104.) Defendant Berkshire Hathaway Homestate Insurance Company filed a Response (Doc. # 107) on March 15, 2019, and Plaintiff filed a Reply (Doc. # 108) on March 29, 2019. Based on the following reasons, Plaintiff's Motion is denied.

## I.     BACKGROUND

The Court detailed the factual background of this case in its Order Granting Defendant's Motion for Summary Judgment and Denying Plaintiff's Motion for Partial Summary Judgment. (Doc. # 101.) The Court's previous Order is incorporated by reference, and the details explained therein need not be repeated here. The Court recounts only the facts necessary to address Plaintiff's Motion to Alter Judgment.

This case involves an insurance dispute arising from a fire that occurred in December 2016 at a property that Plaintiff owned. The property ("Covered Property") was insured by Defendant, and the policy ("Policy") was in effect at the time of the fire. Defendant investigated the incident and determined the fire was accidental and that the Covered Property suffered a total loss that was covered by the Policy. (*Id*. at 1–2.)

Plaintiff had purchased the Covered Property for $100,000 in May 2016. Based on a certified appraisal, Defendant calculated that the value of the Covered Property at the time of the December 2016 fire—seven months after Plaintiff had purchased it—was $109,000. Plaintiff asserts that, based on the terms of the Policy, he is entitled to the policy limit of $407,000 rather than the Covered Property's market value of $109,000. (*Id*. at 2–3.)

The parties filed cross Motions for Summary Judgment (Doc. ## 55, 63), and on January 28, 2019, the Court entered an Order Granting Defendant's Motion for Summary Judgment and Denying Plaintiff's Motion for Partial Summary Judgment (Doc. # 101). After interpreting the language of the Policy, the Court rejected Plaintiff's argument that Defendant's evaluation of the Covered Property's market value constituted a breach of Defendant's contractual duties. Specifically, the Court found that "evaluating the Covered Property's market value was consistent with Defendant's obligation to determine the property's [Actual Cash Value]." (Doc. # 101 at 13.) Accordingly, the Clerk of the Court entered Final Judgment in favor of Defendant and against Plaintiff. (Doc. # 102.)

Plaintiff subsequently filed the instant Motion in which he argues that the Court should alter or amend its judgment pursuant to Federal Rule of Civil Procedure 59(e).

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) gives federal courts the power to alter or amend judgments under certain circumstances. Fed. R. Civ. P. 59(e). The Rule provides that no later than 28 days after the entry of a judgment, a party may file a motion "to alter or amend" the judgment. *Id*. "The 'narrow aim' of Rule 59(e) is 'to make clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment.'" *Greene v. Town of Blooming Grove*, 935 F.2d 507, 512 (2d. Cir. 1991) (quoting *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 451 (1982)). "The granting of a motion to alter or amend is an extraordinary remedy which is used sparingly in order to further the strong public policy interest in finalizing litigation and conserving judicial resources." *Sala v. United States*, 251 F.R.D. 614, 619 (D. Colo. 2008) (quoting *Torre v. Federated Mut. Ins. Co.*, 906 F. Supp. 616, 619 (D. Kan. 1995)). Accordingly, "[m]otions to alter or amend judgment are regarded with disfavor." *Kerber v. Qwest Group Life Ins. Plan*, 727 F. Supp. 2d 1076, 1077 (D. Colo. 2010) (citing *Mellon v. Cessna Aircraft Co.*, 64 F. Supp. 2d 1061, 1063 (D. Kan. 1999)).

The Court of Appeals for the Tenth Circuit recognizes three basic grounds upon which a Rule 59(e) motion may be granted: "(1) an intervening change in the controlling law, (2) when new evidence previously was unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Hayes Family Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017) (quoting *Servants of the Paraclete v. Does*,

204 F.3d 1005, 1012 (10th Cir. 2000)). A Rule 59(e) motion is not an appropriate vehicle "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012 (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)). Rather, relief under Rule 59(e) is appropriate only where "the court has misapprehended the facts, a party's position, or the controlling law." *Id*.

### III. ANALYSIS

Plaintiff advances three arguments in support of his Motion to Alter or Amend Judgment pursuant to Rule 59(e). Specifically, Plaintiff asserts that alteration or amendment is warranted based on: "Surprise" (Doc. # 104 at 2); new evidence (*id*. at 3); and the need to correct a clear error in the Court's prior ruling (*id*. at 5). The Court will address each argument in turn.

### A. SURPRISE[1]

Plaintiff indicates that "[t]he Court ruled that 'actual cash value' meant **only** 'market value.' This was a surprise to Plaintiff in light of the position Defendant had taken in the briefing." (*Id*. at 3) (emphasis added). As a preliminary matter, Plaintiff misstates this Court's prior ruling.

After determining that the definition of Actual Cash Value ("ACV") in the Summary of Coverage form was not controlling, the Court found that the term "ACV" was not defined by the policy. (Doc. # 101 at 10.) Moreover, the Court found that the

---

[1] The Court notes that a party's "surprise" is not a valid basis to alter or amend a judgment. *See* Fed. R. Civ. P. 59(e). Nevertheless, the Court will address this argument in an effort to resolve Plaintiff's apparent misunderstanding of the Court's prior ruling.

4

term was not ambiguous because it was possible "to determine what the policy means by 'actual cash value' particularly considering its 'popular' and 'generally accepted meaning.'" (*Id.* at 11.) In order to determine the popular and generally accepted meaning of the term ACV, the Court relied upon a leading treatise, which states that, if an insurance policy does not have a specific formula on which to base a determination of the value of property according to an ACV provision,

> there is a priority of rules to determine actual cash value as follows, (1) where market value is easily determined, actual cash value is market value, (2) if there is no market value, replacement or reproduction cost may be used, (3) failing the other two tests, any evidence tending to formulate a correct estimate of value may be used.

12 COUCH ON INS. 3d § 175:24 (2018) (citations omitted).

Applying the priority of rules to the instant case, the Court concluded that it was, in fact, possible to determine the Covered Property's market value, and, therefore, "**evaluating the Covered Property's market value was consistent with Defendant's obligation to determine the property's ACV**." (Doc. # 101 at 12) (emphasis added). Thus, Plaintiff's assertion that the Court "ruled that 'actual cash value' meant only 'market value'" is incorrect.

Additionally, Plaintiff's "surprise" at the Court's ruling is based on an erroneous assumption. Plaintiff argues that Defendant took certain positions in the briefing underlying the cross Motions for Summary Judgment that varied from the Court's interpretation of the Policy. Plaintiff appears to argue that the positions Defendant took should have had an impact on the meaning of the Policy. *See* (Doc. # 104 at 3). However, insurance policies are interpreted **as a matter of law by the Court**. *Allstate*

5

*Ins. Co. v. Huizar*, 52 P.3d 816, 819 (Colo. 2002); *Smith v. State Farm Mut. Auto. Ins. Co.*, 2017 COA 6, ¶ 6. Therefore, the parties' interpretation of the Policy is not controlling.[2] Accordingly, Plaintiff's "surprise" at the Court's ruling appears to be based on a misunderstanding of both the Court's Order and the legal principles involved in the interpretation of insurance policies. Those misunderstandings are not grounds for the Court to alter or amend its judgment.

**B.     NEW EVIDENCE**

Plaintiff argues that evidence obtained from the Colorado Division of Insurance shows that "the term 'actual cash value' in Colorado is calculated using the formula 'replacement cost minus depreciation.'" (Doc. # 104 at 5.) As a preliminary matter, the materials Plaintiff submitted do not have the force of law and are not binding on this Court. Additionally, the Court's Order on the parties' Motions for Summary Judgment addressed and rejected the argument that the term "ACV" in the Policy means "replacement cost minus depreciation."

Specifically, the Court considered that issue in the context of determining whether the definition of ACV in the Summary of Coverage form applied to the term ACV in the Policy. The Summary of Coverage form indicates that "[ACV] is the cost of repairing or replacing damaged or destroyed property with property of the same kind and quality less depreciation . . . ." (Doc. 63-1 at 7.) However, the form goes on to state that the definition of ACV in the Summary is " . . **subject to the limits shown in your**

---

[2] The Court notes that Plaintiff misrepresents the positions Defendant took in the underlying briefing. However, assuming *arguendo* that Defendant did take positions that were at odds with the Court's ultimate interpretation of the Policy, that would be immaterial for the same reasons.

**declaration page and policy**." (*Id.*) (emphasis in original). The form further indicates in bold, capital letters:

> This document is a summary of your commercial property coverage. The information in this document does not replace any policy provision. Please read your policy for details! **In the event of a conflict between the policy and this disclosure form, your policy provisions shall prevail**.

(*Id.*) (emphasis added). The Court then analyzed whether the definition of ACV in the Summary—which is the same as the definition in the materials Plaintiff submitted from the Colorado Division of Insurance—conflicted with the terms of the Policy. (Doc. # 101 at 7–10.) The Court concluded that the definition of ACV in the Summary conflicted with two substantial provisions in the Policy, and, as a result, the term ACV in the Policy was not defined as "replacement cost minus depreciation." (*Id.*)

The Colorado Division of Insurance contemplates that the meaning of ACV might vary in individual insurance policies. In fact, the Division indicates that its interpretation of the term ACV does not prohibit "the carrier and insured from explicitly agreeing to a different method for calculating actual cash value." (Doc. # 104-1 at 17.) Accordingly, the evidence Plaintiff submitted from the Colorado Division of Insurance does not show that the Court erred in its analysis or that there is a basis for a different conclusion.

## C. ALLEGED CLEAR ERROR

Plaintiff asserts that "[t]he Court's finding that ACV in connection with the [Policy] means 'market value' and not 'replacement cost minus depreciation'" constitutes clear error. (Doc. # 104 at 5.) In support of his argument, Plaintiff references the Colorado Division of Insurance materials as well as the opinions of several individuals regarding the industry standard definition of ACV. Assuming, *arguendo*, that the standard

7

definition of ACV is "replacement cost minus depreciation," that is not indicative of error in the Court's analysis because the Court found that such a definition would materially conflict with various provisions of the Policy. *See supra* Section III(B). Additionally, the opinions and interpretations to which Plaintiff refers constitute extraneous evidence, which is "admissible to prove the intent of the parties **only when** the terms of the instrument are ambiguous." *O'Reilly v. Physicians Mut. Ins. Co.*, 922 P.2d 644, 647 (Colo. App. 1999) (emphasis added). However, the Court expressly found that the term ACV in the Policy is not ambiguous. (Doc. # 101 at 12.)

In sum, Plaintiff has not demonstrated clear error or any other basis for the Court to alter or amend its judgment.

## IV. CONCLUSION

Based on the foregoing reasons, the Court ORDERS that Plaintiff Michael Bethel's Motion to Alter or Amend Judgment (Doc. # 104) is DENIED.

DATED: June 17, 2019

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

8